United States Bankruptcy Court
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey 08101

**JUDITH H. WIZMUR**  (856) 757-5126
Chief, U.S. Bankruptcy Judge

June 14, 2010

Jill Horton-Miller, Esq.
Pearce Law, LLC
25 Main Street, Suite 602
Hackensack, New Jersey 07601-9007

Brad Spiller, Esq.
Brenner, Brenner & Spiller
175 Richey Avenue
W. Collingswood, New Jersey 08107

FILED
JAMES J. WALDRON, CLERK

June 14, 2010

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Theresa O'Brien, Judicial
Assistant to Chief Judge Wizmur

>  Re:   Todd R. Roth
>        Case No. 10-13287/JHW
>        **LETTER OPINION**

Dear Counsel:

Two issues are raised on the creditor's motion to dismiss the debtor's Chapter 13 case and the creditor's objection to the confirmation of the debtor's Chapter 13 plan: (1) whether the debtor filed his Chapter 13 petition and/or plan in bad faith, and (2) whether regular 401(k) contributions and repayments of a loan from a 401(k) account constitute disposable income that must be applied to pay unsecured creditors under a Chapter 13 plan. The first issue requires an evidentiary hearing. The second issue is answered in the negative. Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) neither regular 401(k) contributions, nor repayment of 401(k) loans, constitute disposable income that must be paid to unsecured creditors.

1

## FACTS

Pearce Law, LLC (the creditor) holds an unsecured claim of $57,260.90 against Todd R. Roth (the debtor) for unpaid legal fees.[1] The creditor has filed a motion to dismiss the debtor's Chapter 13 case, premised on the grounds that the debtor filed his petition and plan in bad faith. As indicia of bad faith, the creditor alleges that the debtor: (1) has a limited number of claims against him, (2) filed for bankruptcy primarily to avoid paying his largest creditor, (3) filed immediately after the period for priority payment ended,[2] (4) contributes his disposable income to an already large 401(k) account,[3] (5) proposes to pay his largest creditor only 18.66% of its allowed claim, and (6) overstates and provides no support for his expenses.[4] The debtor opposes this motion, stating only that he has provided all required information and is wiling to provide additional information to support his opposition.

---

[1]    The fees, earned in pre-petition litigation unrelated to the current bankruptcy, were determined by an arbitrator at the debtor's request. The debtor neither paid the fees nor challenged the arbitration decision.

[2]    The creditor's contention in this regard is unclear, but seems to focus on the priority of wages, salary or commission earned by an individual within 180 days of the filing of the petition, and due from the debtor. 11 U.S.C. § 507(a)(4)(A). There is no factual basis to support the application of this priority provision in this case.

[3]    According to the creditor, the debtor's 401(k) account currently holds $310,000 in retirement assets. The debtor contributes $401.72 per month to his retirement account and $555.15 to repay a loan from his retirement account.

[4]    The creditor questions several of the debtor's expenses, including $292 per month for childcare, $816 for credit card payments that are factored into his wife's expenses, $650 for college tuition for his wife's child, and $200 for "special circumstance" commuting expenses.

2

The creditor alternatively objects to plan confirmation. The essence of his argument is that the debtor is not dedicating his projected disposable income to the plan during the applicable period. Specifically, the creditor argues that 401(k) contributions and repayments of a loan from a 401(k) account constitute disposable income that must be dedicated to pay unsecured creditors under the plan. The debtor contends that, post-BAPCPA, regular 401(k) contributions and repayments of a loan from a 401(k) account do not constitute disposable income.

## DISCUSSION

1.  Bad Faith.

On request of a party in interest, a Chapter 13 bankruptcy case may be dismissed "for cause." 11 U.S.C § 1307(c). Although not mentioned as a "cause" for purposes of Section 1307, the Third Circuit has recognized lack of good faith as grounds for dismissal. In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996). The Third Circuit instructs bankruptcy courts to look at the totality of the circumstances in considering whether bad faith exists; courts may consider (1) the nature of the debt, (2) the timing of the petition, (3) how the debt arose, (4) the debtor's motivation in filing his petition, (5) how the debtor's actions affected creditors, (6) the debtor's treatment of creditors both before and after the petition was filed, and (7) whether the debtor has been forthcoming with the bankruptcy court and the creditors. In re Myers, 491 F.3d 120, 125 (3d Cir. 2007) (citing In re Lilley, 91 F.3d at 496). Other factors may be considered relevant, and no one factor is controlling. In re Goddard, 212 B.R 233, 238 (D.N.J. 1997). Actual fraud is not necessary to support a determination of bad faith. In re Dye, 346 B.R. 669, 671 (D. Del. 2006). In addition, as explicitly

provided by the BAPCPA amendments to the Bankruptcy Code, a Chapter 13 plan must be filed in good faith. 11 U.S.C § 1325(a)(7).

Once bad faith is raised by a creditor, the debtor bears the burden of proving that its filings were made in good faith. In re Tamecki, 229 F.3d 205, 207 (3d Cir. 2000). A debtor must meet this burden of proof by a preponderance of the evidence. In re Barnhart, No. 07-2308, 2010 Bankr. Lexis 74, at *9 (Bankr. M.D. Pa. Jan. 5, 2010).

In this case, to ascertain the debtor's good faith in filing the case, and his good faith in proposing his Chapter 13 plan, **I will hold an evidentiary hearing on Monday, June 28, 2010 at 2:00 p.m.** The debtor must appear and must testify about all aspects of the case and the plan.

2.  Plan Confirmation.

To be confirmed, a Chapter 13 plan must provide that all of the debtor's "projected disposable income" to be received in the applicable commitment period will be applied to pay unsecured creditors under the plan. 11 U.S.C § 1325(b)(1)(B). The holder of an unsecured claim may object to plan confirmation if the debtor does not propose to pay into the plan all of his or her disposable income. Post-BAPCPA, funds used to repay a loan from a 401(k) account do not constitute disposable income. 11 U.S.C § 1322(f) (providing that a plan may not materially alter the terms of a loan described in section 362(b)(19)[5] and that any amounts required to repay that loan shall not

---

[5] The types of plans enumerated in section 362(b)(19) are plans under sections 401, 403, 408, 408A, 414, 457, and 501(c) of the Internal Revenue Code, as well as thrift savings plans permitted for government

constitute disposable income under section 1325). Likewise, amounts withheld or received by employers from employees for various benefits plans are not property of the estate and are not disposable income for purposes of section 1325(b)(2). 11 U.S.C § 541(b)(7).

Ignoring the 2005 amendments, the creditor argues that 401(k) contributions and loan repayments are disposable income because they are not "reasonably necessary to the debtor's support and maintenance." Citing to In re Anes, 195 F.3d 177, 180-81 (3d Cir. 1999), the creditor states that, in the Third Circuit, voluntary contributions to retirement accounts are per se not reasonably necessary for the maintenance and support of the debtor. While he accurately states the caselaw – the holding in In re Anes has not been abrogated by 11 U.S.C § 1322(f) because the amendment does not provide that 401(k) loan repayments are reasonably necessary for the maintenance and support of the debtor – he ignores Congress's choice to exclude these payments from the definition of "disposable income." See In re Lenton, 358 B.R. 651, 659 n.17 (Bankr. E.D. Pa. 2006). That loan repayments are not reasonably necessary to the debtor's support or maintenance is no longer relevant.

Assuming that the debtor's 401(k) account is the type of account enumerated in section 362(b)(19), his loan repayments and regular contributions do not constitute disposable income. The debtor represents and creditor does not contest that his 401(k) contributions have remained constant for several years. He is not required to apply these funds toward the plan. It will be necessary to inquire whether the debtor will be repaying the loan for the entire plan period. See In re Roberts, No. 07-15653, 2008 Bankr. LEXIS 2600,

---

employees.

at * (Bankr. E.D. Pa. Sept. 17, 2008) (holding that the test of projected disposable income as framed by BAPCPA requires debtors to propose a plan that steps up payments to include amounts now being properly dedicated to repayments of their pension loans).

## CONCLUSION

For the foregoing reasons, the creditor's motion to dismiss the Chapter 13 case is adjourned to **Monday, June 28, 2010 at 2:00 p.m.**, as is the creditor's objection to confirmation. The creditor's objection to confirmation based on the premise that 401(k) contributions and loan repayments constitute disposable income is denied. The submission of an order reflecting this ruling may await the conclusion of the hearing scheduled herein.

Very truly yours,

*/s/ Judith H. Wizmur*
JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT

JHW:tob